

The Legal Aid Soc., Prisoners' Rights Project, New York City by William J. Rold and Paul T. Belazis, for plaintiffs.

Robert Abrams, Atty. Gen., State of N.Y. by Frederic L. Lieberman and Douglas D. Aronin, New York City, for defendants Coughlin, Broaddus, Pollard, Headley and Harris.

**Mary DEAN, et al., for themselves and all others similarly situated, Plaintiffs,**

v.

**Thomas A. COUGHLIN III, et al., Defendants.**

**No. 84 Civ. 1528 (SWK).**

United States District Court, S.D. New York.

April 1, 1986.

## PRELIMINARY INJUNCTION

KRAM, District Judge.

On December 3, 1985, this Court issued an opinion in this case which found a total breakdown in the provision of dental care at the Bedford Hills Correctional Facility, 623 F.Supp. 392, (Bedford Hills).[1] The Court also found that inmates with serious dental problems at Bedford Hills were in immediate danger of irreparable harm to their health.[2] The Court entered a preliminary injunction, ordering the defendants to provide adequate dental care to inmates with serious dental needs at Bedford Hills.[3] Specifically, the Court ordered the defendants to "provide a dental access system that assures prompt diagnosis and treatment for inmates with serious dental needs, provide a system that assures that follow-up care is provided as ordered and without delay, and take prompt steps to eliminate expeditiously the current backlogs in treatment."[4] In the opinion, the Court indicated it would refrain from entering a more detailed order because it expected the parties to cooperate in implementing the preliminary injunction.

In order to assess compliance with the preliminary injunction, the Court held a conference with the parties on December 20, 1985. The Court adduced that the de-

---

1. *Dean v. Coughlin,* 623 F.Supp. 392, 396 (S.D.N.Y.1985)

2. *Id.* at 405.

3. *Id.*

4. *Id.*

fendants had made no progress in improving dental care at Bedford Hills and had rebuffed all plaintiffs' overtures to discuss compliance terms. In short, the defendants were not complying with the preliminary injunction. The Court ordered the defendants to meet with the plaintiffs within ten days to discuss compliance.

The Court held another conference on January 17, 1986. Although the parties reported to the Court that they had met on December 30, 1985, they also stated they made little progress at the meeting. Defense counsel informed the Court that defendants were planning to hire Mobile Dental Services (MDS) to provide dental care at Bedford Hills. When the Court asked about the status of the negotiations, defense counsel informed the Court that the negotiations were proceeding slowly, and that defendant Broaddus, who was responsible for the negotiations, was very busy with prisoners suffering from AIDS. Neverthless, the defendants were unwilling to allow another state official to conduct the negotiations. Defense counsel also complained that defendants' obligation to produce discovery in the underlying action reduced the time they could spend on working out compliance terms. It became clear to the Court that defendants were engaging in dilatory tactics.

Defendants' attitude about this litigation has also been problematic. They apparently fail to recognize that based on overwhelming evidence that they were not providing dental treatment to inmates with serious dental needs, the Court has entered a preliminary injunction ordering them to institute an appropriate dental care system. Instead, defendants have refused to enter into settlement negotiations as the court has urged. They have fiercely resisted plaintiffs' legitimate discovery requests, requiring intervention by the Court on a number of occasions. For example on December 20, the Court had to order the defendants to produce current dental records. The Court had already ordered the records produced in November. Defendants also sought a protective order against plaintiffs' taking of certain depositions, including that of defendant Thomas Coughlin, which the Court also denied.

Even more disturbing to the Court has been the defendants' failure even to attempt to improve dental services at Bedford Hills as ordered. Plaintiffs' counsel indicated that he was receiving ten to fifteen letters a week from inmates who were in pain and not receiving dental treatment. Plaintiffs' expert also inspected the dental facility, and after reviewing the clinic's statistics found that two out of five emergency patients were not receiving treatment. Defense counsel could not rebut these claims with any specific assertions, and simply stated the information he had was the clinic was treating emergencies. The Court's impression was that the clinic was treating only emergencies.

Based on the above, the Court ordered each party to submit a proposed order for implementation of the preliminary injunction. The Court also ordered each party to submit to the Court a proposed notice to the inmates at Bedford Hills updating the status of this class action.

Each party has submitted detailed proposals for compliance as well as replies and surreplies. The defendants propose to hire MDS to provide dental care at Bedford Hills. By their own estimate, their plan would take from three to seven weeks to implement once the Court approved it. Given the defendants' history of promises to improve dental services without ultimate delivery [5] and obstinacy in complying with the preliminary injunction, the Court is skeptical about these estimates. Even if these estimates were accurate, however, they are not satisfactory. The Court's opinion of December 3 found that a number of inmates were in immediate danger of irreparable harm.[6] The defendants have made no apparent effort to employ existing resources to improve delivery of dental ser-

---

**5.** *Id.* at 399–400.

**6.** *Id.* at 405.

vices, and the Court will not approve a plan that will take additional time.

Although MDS might well be able to provide adequate dental services at Bedford Hills in the long run, the defendants must act now to comply with the preliminary injunction. While the Court encourages the defendants to continue their negotiations with MDS, and does not intend this Order to preclude the defendants from hiring MDS to run the clinic, the Court's major concern is providing immediate dental care to inmates with serious dental needs at Bedford Hills. With that in mind, the Court will order defendants to comply with a plan which will insure such treatment.

It is hereby ORDERED that the defendants comply with the following plan for implementing the preliminary injunction.

I. *Establishment of a Priority System*

A. No later than ten days after the entry of this Order, Bedford Hills shall adopt the American Dental Association's system for classifying dental cases as its guideline for setting treatment priorities. (A copy of the criteria is attached as Appendix A.) The classification system denominates four classes of patients. Class One patients shall be called non-priority patients, Class Two patients shall be called low priority patients, Class Three patients shall be called high priority patients, and, Class Four patients shall be called emergency patients.

B. A copy of the priority system shall be posted in the dental clinic, each housing unit, and the law library.

C. Within 10 days of this Order, the defendants shall file an affidavit with the Court stating the date the priority system was adopted and the date it was posted.

II. *Assessment Examinations of the Inmate Population*

A. No later than ten days after entry of the Order, defendants shall notify the inmate population that they may request an assessment examination by a dentist for the purpose of assigning treatment priorities to their current dental needs. The notification shall be made in a manner reasonably calculated to insure that all inmates wherever confined at Bedford Hills have an opportunity to request this examination. At a minimum, defendants shall post in each housing unit at Bedford Hills a sheet entitled "Requests for Dental Assessment Examination." The sheet shall explain that inmates may obtain an assessment examination by signing their names. These sheets shall be posted for thirty days following the date of this Order.

B. The defendants shall account for each inmate by noting her choice to request or decline the assessment examination on a log bearing the names of the entire inmate population.

C. No later than forty-five days after entry of this Order, defendants shall insure that a dentist completes an assessment examination of all patients who request one. Such patients shall be informed of the dentist's findings and of their treatment priorities. Defendants shall maintain a log of all patients who had assessment examinations, containing the patient's name and number, the date she was examined, and the treatment priority she was assigned. Defendants shall also enter this information on each inmate's dental chart.

D. During the period in which the assessment examinations are conducted, the dental clinic shall continue to treat Class 4 emergency patients.

E. No later than 10 days after this Order, the defendants shall file with the Court an affidavit stating that they have notified the inmate population that they may request assessment examinations and describing the method of notification. Within forty-five days after the entry of this Order, defendants shall file with the Court a copy of each log required to be maintained by this section along with an affidavit stating that the logs are accurate and the assessment examinations have been completed.[7]

7. The Court notes that in its opinion of December 3, 1985, it ruled that the Eighth Amendment

### III. *Dental Sick-Call System*

A. No later than forty-five days after entry of this Order, defendants shall adopt the following system for dental sick-call.

B. The dental sick-call system shall utilize sign-up sheets, to be posted daily in all housing areas and conspicuously marked "Requests for Dental Care." Inmates desiring a consultation with the dentist shall sign the sheet and indicate the reason for the request; or where it is not feasible for the inmate to sign the sheet herself, defendants shall insure that facility personnel note the request at her behest. Defendants shall insure that the sign-up sheets are collected and delivered to the dental clinic by 9:00 a.m. on a daily basis.

C. The dental sick-call system to be initiated shall replace the "Request for Dental Appointment" forms and "Nurses Screening Lists" insofar as dental care is concerned.

D. Patients whose requests for dental care indicate they need emergency treatment shall be seen and treated by a dentist on the day of their request. Patients seeking emergency care who after examination are not found to be suffering from dental emergencies shall be treated in accord with the next paragraph.

E. All other patients requesting dental sick call shall be examined by a dentist within one week after their requests. Defendants shall assign treatment priorities to all such patients and shall inform them of the dentist's findings and of their priorities.

F. Defendants shall maintain a daily log of all patients examined at dental sick call containing the patient's name and number, the date she requested treatment, the date she was examined, and her treatment priority. Defendants shall file an affidavit within forty-five days of this Order stating they have adopted this system for dental sick call.

### IV. *Appointment and Follow-Up System*

A. If the examining dentist believes a patient who has received an examination requires a return visit to the dental clinic for follow-up treatment or evaluation, the dentist shall exercise his or her best professional judgment as to when the patient should be seen again and shall enter such order on the patient's dental chart. Such patients shall be given follow-up appointments in accordance with the dentist's order.

B. The follow-up and appointment system shall utilize an appointment book, a "prosthetic device log" and a "missed appointment log."

C. Defendants shall make all dental appointments for a specific date and time and enter them in an appointment book. At the time her appointment is made, each patient shall be given a signed appointment slip bearing the date and time of her appointment. These appointments shall be made before the patient leaves the dental clinic on the day she is examined or treated, unless such patients are awaiting prosthetic services involving an outside laboratory.

D. Defendants shall maintain a "prosthetic device log" for all dental patients awaiting prosthetic services involving an outside laboratory. The log shall contain the patient's name and number, the prosthetic service she is awaiting, each date the prosthetic device or impression is sent to or

did not require Bedford Hills to conduct initial screening exams of inmates. *Dean v. Coughlin,* 623 F.Supp. 392, 404 (S.D.N.Y.1985). The assessment examinations the Court now orders are not to be confused with the screening exams. The assessments are one-time examinations, to be performed on all inmates who request them. The Court's authority to order the assessment exams stems directly from the Court's finding of "a total breakdown in the administration of the dental clinic at Bedford Hills...." *id.* which results in the clinic's igno-

rance of the general dental needs of the inmate population, and failure to treat inmates in accord with those needs. This, in turn, leads to the unconstitutional delays in the provisions of dental services described *id.* at 397–99. The assessment examinations will alow the clinic to set treatment priorities for the entire inmate population and eliminate the backlogs. The Court also notes that defendants have volunteered in their proposed order to perform the assessment examinations.

returned from the laboratory, and the date the finished device is delivered to the patient. A follow-up appointment shall be made for each such patient when her prosthetic device is returned from the laboratory for fitting, and the appointment shall occur within one week of the receipt of the device by the dental clinic.

E. At the end of each working day, defendants shall enter in a "missed appointment log" the name and number of each patient who had a dental appointment scheduled for that day but was not treated, along with the purpose of the appointment and the reason for its non-occurrence. No patient shall be deemed to have refused treatment unless she, or a facility staff member witnessing her refusal, so states in writing.

F. Unless she has informed the dental clinic in writing that she wishes to discontinue treatment, a patient whose appointment does not occur on the day it was scheduled shall be given a new appointment, which shall be entered in the appointment book and in the "missed appointment log"; and a new appointment slip shall be promptly sent to the patient. New appointments shall be made in accord with the clinic's classification guidelines.

## V. *Treatment Deadlines for Non-Emergency Patients*

A. Patients identified as Class 3 patients at dental examinations pursuant to dental sick-call or at an assessment examination shall be given appointments for commencement of their treatment. During the first three months after completion of the assessment examinations, treatment shall commence for all Class 3 patients within thirty days after such identification. For Class 3 patients identified more than three months after completion of the assessment examination, treatment shall commence within fourteen days after such identification.

B. All other non-emergency patients identified as needing treatment at dental sick-call or at an assessment examination shall be placed on waiting lists, containing the patient's name and number, the specific treatment she is awaiting and the priority assigned to it, and the date she is placed on the list. During the first three months after completion of the assessment examinations, treatment shall commence for patients on waiting lists within ninety days after such identification. For patients placed on waiting lists more than three months after entry of this Order, treatment shall commence within sixty days after the day they are placed on the list. When the clinic sets a definite appointment for a patient on a waiting list, the patient shall be informed of the appointment as indicated in section IV of this Order.

## VI. *Dental Emergencies.*

A. Upon entry of this Order, defendants shall provide all Bedford Hills inmates immediate access to health care staff in the event of dental emergencies and shall insure that all patient requests for emergency dental assistance are promptly transmitted by telephone to the dental clinic or, during times when the clinic is not operating, to health care staff.

B. Defendants shall insure that each patient requesting emergency dental assistance is examined on the day of her request. If a dentist is present at the facility when the request for emergency dental assistance is made, the examination shall be performed by a dentist. If a dentist is not present at the facility when the request for emergency dental assistance is made, the examination shall be performed by a physician or a registered nurse, who shall have twenty-four hour access to a dentist for consultation; and the patient shall be re-examined by a dentist on the next working day.

C. Defendants shall maintain a log of all patients examined as dental emergencies, containing the patient's name and number, the date she was examined, and a notation that she was either treated or referred to dental sick call.

## VII. *Equipment, Staff, and Operating Hours*

A. The defendants shall maintain adequate facilities to fulfill the terms of this

Order. At a minimum, defendants shall provide the clinic with four fully equipped dental operatories, one intra-oral X-ray unit, one pan oral X-ray unit, and one dental X-ray developer.

B. The defendants shall maintain personnel at the clinic as necessary to fulfill the terms of this Order. At a minimum, the staff shall consist of two full-time dentists, one full-time dental hygienist, one full-time dental assistant, and one full-time dental records clerk.

C. The dental clinic shall be open on a daily basis for as long as necessary to comply with this Order, but in no event for less than eight hours a day, five days a week.

## VIII. *Dental Records*

A. Defendants shall maintain an individual dental record for each dental patient. The record shall contain, but is not limited to:

1. A chart of the patient's teeth;

2. An accurate medical history;

3. An assessment of the patient's periodontal condition;

4. All dental x-rays of the patient, to be mounted or otherwise affixed to the record to reduce the chance for loss;

5. Chronological entries for every encounter of the patient with the dental clinic, including all treatment found to be needed by a dentist and the treatment priority assigned to it, all treatment performed, and all orders by the dentist for follow-up examinations or medication; and

6. An individualized treatment plan.

## IX. *Implementation*

A. Security staff shall be deployed to facilitate compliance with this Order and shall be instructed to transmit all requests for emergency dental assistance to the dental clinic or to health care staff by telephone and to assist inmates who do not have direct access to sign-up sheets in requesting dental sick call.

B. Whenever, in the professional opinion of the treating dentist, commencement or continuation of treatment for a particular patient within the deadlines imposed by this Order is contrary to sound medical judgment, the dentist's opinion shall control. In such cases, the dentist shall enter on that patient's dental chart the reasons why adherence to the Court's deadline for that patient is contrary to sound medical judgment. A monthly report of all such cases shall be made to the Court and to plaintiffs' counsel.

C. Within five days after entry of this Order, a copy of this Order shall be distributed to all inmates at Bedford Hills, accompanied by a copy of the Notice attached in Appendix B. Copies of this Order shall be made available to the plaintiff class in the Bedford Hills law library within five days. The Notice attached in Appendix B shall also be posted conspicuously in the dental clinic, in the law library, and in all housing areas within five days. Defendants shall file an affidavit within five days stating that they have complied with the above obligations. New inmates who arrive at Bedford Hills after distribution of this Order shall receive a copy of the Notice. The Notice posted and distributed pursuant to this Sub-paragraph shall replace the one posted and distributed pursuant to the Court's class certification Order of August 29, 1985. In addition, defendants shall provide all present and new inmates with a written and verbal orientation to the dental services available at Bedford Hills, the procedure for requesting such services, and the method by which complaints regarding services can be lodged. This information shall be available to non-English-speaking inmates in a language they can understand.

D. Defendants shall maintain such records as are necessary to effective and meaningful auditing of their compliance with this Order. At a minimum, these shall include:

1. All dental records, logs, lists, appointment books, sign-up sheets and other documents required to be maintained by this Order:

2. All inmate letters, complaints, and grievances regarding dental care; and

3. All memoranda, rules, directives, policies and procedures relating to dental care at Bedford Hills and to defendants' compliance with this Order.

E. Plaintiffs' counsel shall have the right, on seventy-two hours' notice to defendants, to inspect all dental care areas of Bedford Hills with or without their experts and to review all records and documents enumerated in the preceding Sub-paragraph.

F. Within five days after entry of this Order, defendants shall provide to every employee of or under contract to the Department of Correctional Services and having some involvement with the delivery of dental care at Bedford Hills a copy of this Order along with a notice, signed by defendant Commissioner of Correctional Services, informing them that failure to comply with any of the terms of this Order may be deemed contempt of this Court punishable by fine or imprisonment. Defendants shall provide such a copy and notice to any employee or contract employee who is in the future assigned to Bedford Hills and involved in delivering dental care to the plaintiff class at the time of such assignment or involvement.

G. Within ten days of this Order the defendants shall designate a person who shall receive all complaints from inmates who claim they have not been treated or examined within the deadlines ordered herein, or who have any other complaints about their dental treatment. The designated person shall then be responsible for investigating the complaints and facilitating treatment. Defendants shall notify the inmate population of the name of this person through posting notices in the dental clinic, the law library, and next to the sheets for requesting dental care. Defendants shall file an affidavit with the Court within ten days informing it of the name of the person who will fulfill this role.

H. The terms of this Order do not preclude the defendants from making other, more extensive reforms in the Bedford Hills clinic, including the institution of regular initial screening examinations, prophylactic treatment, and check-up exams.

## X. *Security.*

Plaintiffs are excused from giving security for the entry of this preliminary injunction.

## XI. *Reports.*

Following the completion of the assessment examinations, the defendants are to file a report with the Court every thirty days describing their compliance with this Order. At a minimum, the report is to contain: 1) a list of each patient who requested emergency treatment, stating the date she requested treatment, the date she received treatment, her diagnosis, and the treatment she received; 2) a list of each patient who requested an examination through the dental sick call system, the date she requested the exam, the date she was examined, her diagnosis, and the treatment priority received; 3) a list of all follow-up appointments ordered, whether they were kept, if not kept the reason, and whether another appointment was made; 4) a list of each patient who did not attend an examination scheduled after she requested treatment on the dental sick call list, the reason she did not attend, and the date of the next scheduled appointment; 5) a list of each patient requiring prosthetic services, the prosthetic service she needs, the date the prosthetic impression is sent to or returned from the lab, and the date the service is completed; 6) a list of each patient awaiting Class 2 treatment, including her diagnosis, the services she is awaiting, and the duration of her wait; 7) a list of each patient not treated within the time limits described in this Order, including an explanation for the failure; 8) a list of each patient classified as a priority 3 case, the date she was so classified, the date she received treatment, and the treatment she received; and 9) copies of all complaints

defendants receive from inmates not satisfied with their dental treatment.

SO ORDERED.

## APPENDIX A

### PATIENT CLASSIFICATION SYSTEM

The following classification system shall be used in planning treatment schedules. The system was prepared by the American Dental Association.

### CLASS 1

Individuals apparently requiring no dental treatment related to the type of examination or inspection performed.

### CLASS 2

Individuals requiring treatment for conditions not of an urgent nature, such as:

a. moderate calculus

b. prosthetic cases not included in Class 3

c. caries—not extensive or advanced periodontal diseases—not extensive or advanced

d. other oral conditions requiring corrective preventive measures

### CLASS 3

Individuals requiring early treatment of such conditions as:

a. extensive or advanced caries

b. extensive or advanced periodontal disease

c. chronic pulpal or apical infection

d. chronic oral infection

e. heavy calculus

f. surgical procedures required for removal of one or more teeth and other surgical procedures not included in Class 4

g. insufficient number of teeth for mastication

### CLASS 4

Individuals requiring emergency dental treatment for such conditions as:

a. injuries

b. acute oral infections (parietal and periapical abcesses, necrotizing ulcerative gingivitis, acute gingivitis, acute stomatitits, etc.)

c. painful conditions

d. any oral condition which can jeopardize the health or safety of a patient

### SCHEDULING OF CONTINUING CARE:

In scheduling patients for continuing dental care, the following listing of priorities of treatment will be used:

a. relief of pain and treatment of acute infection (Class 4 patients)

b. elimination of pathosis and extraction of teeth (Class 3 patients)

c. removal of irritating conditions which may lead to malignancies (Class 3 or Class 2 patients)

d. treatment of bone and soft tissue diseases (Class 3 or Class 2 patients)

e. repair of injured or carious teeth (Class 3 or Class 2 patients)

f. replacement of lost teeth and restoration of function (Class 2 patients)

## APPENDIX B

### NOTICE TO CLASS

On March 2, 1984, a federal class action lawsuit was filed on behalf of all inmates who are or will be confined at Bedford Hills Correctional Facility ("Bedford Hills"), claiming that the prison failed to provide them with constitutionally adequate dental care and seeking a court order to improve the dental care system. The case was certified a class action on August 29, 1985.

Inmates become members of the certified class when they arrive at Bedford Hills and remain class members until they are released or transferred. During this time they are represented by attorneys of The Legal Aid Society's Prisoners' Rights Project, who may be contacted at:

Prisoners' Rights Project
15 Park Row—7th Floor
New York, New York 10038.

On December 3, 1985, the United States District Court for the Southern District of New York entered a preliminary injunction.

The Court found a "total breakdown in the administration of the dental clinic," noting in part that "inmates at Bedford Hills are suffering from pain, loss of teeth, discomfort, weight loss, and infection" as a result. The prison was ordered to "provide adequate dental care to inmates with serious dental needs."

On April 1, 1986, the Court issued a more detailed Order and a copy will be distributed with the initial distribution of this Notice and will be available thereafter in the law library. The Order requires that priorities be set for dental care so that the patients with the most serious problems are treated first. All inmates will have an opportunity to have a dental examination to determine their own treatment priorities. When these examinations are finished, a dental sick call system will be established, and any inmate wishing to see a dentist will be called to the dental clinic within one week of her request. Any inmate with a dental emergency will be seen by someone on the prison health staff on the day the emergency occurs. Inmates will be given written follow-up appointments, and specific steps will be taken to assure that follow-up appointments occur as ordered. A plan to reduce the backlogs of patients awaiting treatment will be put in place and additional staff will be hired if needed.

The Order entered by the Court is preliminary and there will be further proceedings in the case. The final outcome of this case will determine the rights of all inmates at Bedford Hills with respect to the delivery of dental care.

The District Court's Order does not determine whether any individual inmate is entitled to money damages as a result of the prison's failure to provide adequate dental care. Therefore, anyone who believes she is personally entitled to money damages must file an independent action. All inmates should promptly seek legal advice if they wish to file a claim. There are filing deadlines (called statutes of limitations) that may bar claims for inmates who wait too long.

The lawyers representing the inmates in this case are not providing class representation on the issue of money damages. They can, however, try to answer questions and also provide information about how to file a claim. These lawyers can also be contacted about current dental care needs that are not being addressed.

Any person confined at Bedford Hills Correctional Facility may apply to the Court to intervene in this action either on her own (*pro se*) or by an attorney of her own choice. An inmate who seeks to intervene in the action may challenge any aspect of the Court's orders in this case, including the certification of the class, the adequacy of the class representation, and the terms of the preliminary injunction. Parties wishing to intervene should contact the Judge in the case, Hon. Shirley Wohl Kram, United States District Court, Southern District of New York, Foley Square, New York, New York 10007. If a person does not intervene, her interests will be represented by the present plaintiffs and their attorneys.

This notice must remain posted until this action has ended or until superseded by another notice.